**EXHIBIT A**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among Sandusky Wellness Center, LLC ("Sandusky" or "Plaintiff"), on behalf of itself and a settlement class of similarly-situated persons (identified herein as the "Settlement Class"), and Heel, Inc. ("Heel" or "Defendant"). The parties to this Agreement are collectively referred to as the "Parties." This Agreement is entered into as of the date it is signed by the last of the Parties to sign it.

WHEREAS, Plaintiff and Heel are parties to a civil action entitled *Sandusky Wellness Center, LLC v. Heel, Inc.*, Case No. 3:12-cv-1470 pending in the United States District Court for the Northern District of Ohio ("the Litigation"); and

WHEREAS, Plaintiff alleges on behalf of itself and a putative class that Heel violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and FCC regulations by faxing advertisements without the prior express invitation or permission of Plaintiff or the putative class members or without a valid opt-out notice.

WHEREAS, Heel has denied and continues to deny each and all of the claims and contentions alleged in the Litigation, and has further denied and continues to deny that class certification is appropriate in the Litigation.

WHEREAS, Plaintiff's attorneys have investigated the relevant facts and researched the law relating to the Litigation, determining, among other things, that records indicate that Heel successfully sent 97,102 facsimiles between June 11, 2008 and November 1, 2010 to 34,831 class members; and

WHEREAS, without admitting or conceding any wrongdoing or liability, and solely to avoid the inconvenience and expense of further litigation, Heel has agreed to settle all claims, demands, and liabilities between Heel, Plaintiff and the Settlement Class, including all claims

that have been asserted, or could have been asserted, in the Litigation; and

WHEREAS, Heel has agreed to make available, subject to paragraph 4 below, an amount up to $6,000,000.00, which shall be available to pay class members who submit valid and timely Claim Forms as further defined herein on a claims-made basis, to potentially pay an amount to charities selected by Plaintiff's counsel as *cy pres*, to pay fees and out of pocket litigation expenses to Plaintiff's counsel, to pay an incentive award to Sandusky, and to pay the costs of notifying the Settlement Class and administering the settlement through a third-party claims administrator; and

WHEREAS, Plaintiff and Class Counsel have concluded that the terms and conditions provided in this Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class as a means of resolving this Litigation, after considering (1) the benefits the Settlement Class will receive under this settlement, (2) the fact that Heel has demonstrated that it will vigorously oppose the claims asserted in the Litigation if the settlement is not approved, (3) Heel has demonstrated that its financial ability to fund a classwide settlement is limited; and (4) the attendant risks, costs, uncertainties, and delays of litigation; and

WHEREAS, the settlement reduced to writing in this Agreement was negotiated between the Parties in good faith and at arm's length; and

WHEREAS, the Parties stipulate and agree that the claims of Plaintiff and the entire Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1.   Settlement. This Agreement is entered into to resolve all disputes among Heel, on the one hand, and Plaintiff and the Settlement Class on the other. The assertions, statements, agreements and representations made herein are for purposes of settlement only and the Parties

expressly agree that, if the settlement is not finally approved, this Agreement is null and void and may not be used by any of the Parties for any reason.

2.  <u>The Settlement Class</u>. For purposes of settlement only, the Parties agree to certify the following settlement class (the "Settlement Class"):

> All persons who (1) between June 11, 2008 and November 1, 2010, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) which did not display a proper opt out notice.

Excluded from the Settlement Class are Heel, any parent, subsidiary, affiliate or controlled person of Heel, as well as the officers, directors, agents, servants or employees of Heel and the immediate family members of such persons, the named counsel in this litigation, and any member of their office and/or firm, any licensed insurance company, and the members of the federal judiciary.  Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the parties in the event that the Settlement is not finally approved by this Court or otherwise does not take effect in accordance with the terms of this Agreement. The parties further agree that Plaintiff may be appointed as the "Class Representative" and that Brian J. Wanca of Anderson + Wanca may be appointed as "Class Counsel."

3.  <u>Preliminary Approval and Class Notice</u>. Within seven (7) days of execution of this Agreement, Plaintiff will file an agreed motion for entry of an order preliminarily approving this settlement. Plaintiff will request that the Court enter an "Order Preliminarily Approving Class Action Settlement and Approving Class Notice" in the form attached hereto as Exhibit 1 (the "Preliminary Approval Order"). Additionally, Plaintiff will request that the Court approve a "Notice of Class Action and Proposed Settlement with Attached Claim Form" in the form attached hereto as Exhibit 2 (the "Notice"), and request that the Court permit the parties to send that Notice to the Settlement Class by facsimile transmission and direct mailing

by U.S. mail to class members to whom facsimile transmission is unsuccessful after three (3) attempts.

    4.    <u>The Settlement Amount</u>. Heel has agreed to make available a total of up to $6,000,000.00 (the "Settlement Amount"), from which the payments set forth herein shall be made. Heel is not required to segregate funds or otherwise place all or any portion of the Settlement Fund into a separate bank account. Heel will not be required to relinquish control of any money until payments are due in accordance with Paragraphs 11 and 12.

    5.    <u>The Settlement Administrator</u>. Subject to the approval of Heel, which approval shall not unreasonably be withheld, Class Counsel will retain a third-party Settlement Administrator (the "Settlement Administrator") who will administer the Settlement Class notice, and assist the class members in completing Claim Forms and payment of claims described below.

    6.    <u>Notice</u>. The Parties will cause the Settlement Administrator to send the Notice by facsimile to the phone numbers of the Settlement Class members identified in records produced by third parties in the litigation. The Settlement Administrator shall also send the Notice by first class U.S. mail to the last known address of any class member for whom a mailing address is available and to whom fax notice is unsuccessful after three (3) attempts. Notice shall be sent within seven (7) days of preliminary approval.

    7.    <u>Proof of Claim</u>. The Settlement Administrator shall mail each member of the Settlement Class who submits a timely and valid Proof of Claim Form in the Form attached hereto as Exhibit 2, within forty-five (45) days of initial notice being sent by the Settlement Administrator as set forth in Paragraph 6, a check for their *pro rata* share of the Settlement Amount.    ($6,000,000.00÷97,102=$61.79 per facsimile received).    The Settlement

Administrator may assist Settlement Class members in the completion of Claim Forms and is empowered to respond to Settlement Class members' inquiries for that purpose. The Settlement Administrator shall determine whether a Settlement Class Member has submitted a valid and timely Claim Form. The Settlement Administrator's decision shall be final. The Settlement Administrator shall provide a list of accepted and rejected claims to counsel for the Parties. Upon request, the Settlement Administrator will provide copies of all Claim Forms to counsel for the Parties. All amounts paid to the Settlement Administrator shall be paid from the Settlement Amount.

8. *Cy Pres* Award. If the payments to members of the Settlement Class who submit a timely and valid Claim Form total less than $615,000.00, then the difference between $615,000.00 and the total payments shall be distributed as a *cy pres* award to (1) Illinois District 220 Educational Foundation; (2) Hawthorne Scholastic Academy; (3) Chicago's Independent Radio Project; (4) Crohn's and Colitis Foundation of America; and (5) the Juvenile Diabetes Research Association. Such funds will be distributed in equal shares to the entities listed above.

9. Final Approval. The Preliminary Approval Order will set a date for a final fairness hearing at least 75 days after the preliminary approval hearing. At the final fairness hearing, the Parties will request that the Court enter the "Final Approval Order and Judgment of Classwide Settlement" in the form attached hereto as Exhibit 3 (the "Final Approval Order").

10. Incentive Award and Attorneys' Fees. Sandusky shall be paid an incentive award from the Settlement Amount not to exceed $15,000.00 for representing the Settlement Class, subject to the Court's approval. In addition, Class Counsel shall be paid one third of the Settlement Amount ($2,000,000.00) as attorneys' fees from the Settlement Fund plus their

reasonable out-of-pocket expenses not to exceed $170,000.00 (inclusive of the costs of notice and the Settlement Administrator), subject to the Court's approval. Heel will not object to a request for these amounts, nor will Heel appeal any award of these amounts. The awarded amounts will be set forth in the Final Approval Order and shall be paid from the Settlement Amount in accordance with paragraph 12 below.

11.     Timing for Payment. No payments by Heel shall be made under this Agreement unless and until five (5) days after the last of the following occur: (i) the Court enters a Final Approval Order, in substantially the form attached hereto as Exhibit 3, dismissing with prejudice the claims of all Settlement Class Members (including Plaintiff) who do not properly exclude themselves; and (ii) if any Settlement Class Member has filed an objection, the date for filing an appeal from such Final Approval Order has expired or, if there are appeals, the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.  The date five business days after the last of these conditions have been met, excluding weekend days, will be deemed the "Effective Date."

12.     Payment of Claims, Incentive Award and Class Counsel Fees. On the Effective Date, Heel shall pay to Class Counsel and Plaintiff the attorneys' fees, costs and incentive award approved by the Court in its Final Approval Order to the Anderson + Wanca Client Trust Account-Heel. In addition, on the Effective Date, Heel, through the Settlement Administrator, shall create a non-interest bearing, demand deposit account (the "DDA") at a bank or trust agreed upon by the Parties to cover the presentments of settlement checks by Class Members. The Settlement Administrator shall issue checks in the appropriate amounts to the Settlement Class members who submitted timely, valid Claim Forms as identified in the parties'

6

submission to the Court at the Final Approval hearing. Heel shall cause its bank or trust to promptly make funds available, as necessary, in the DDA to cover the presentment of settlement checks. Checks issued to the Settlement Class members will be void 181 days after issuance. The Settlement Administrator shall provide the Parties a final accounting of the settlement payments within 181 days after the last check to a Settlement Class member is issued. In addition, on the Effective Date, the Settlement Administrator shall pay any *cy pres* awards due pursuant to Paragraph 8.

13. <u>Releases</u>. Subject to and effective upon entry of the Final Approval Order, all Settlement Class members, including Plaintiff, who do not opt out of the proposed Settlement Class, and each of their respective heirs, executors, administrators, successors, assigns, representatives, agents and attorneys ("the Releasors") as required in the Notice, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, fully, finally and forever release, relinquish, and discharge Heel (and each of its current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, shareholders, employees, predecessors, successors, assigns, agents and attorneys) from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to the transmission of facsimiles by or on behalf of Heel between June 11, 2008 and November 1, 2010 (the "Released Claims").

If any of the Releasors reside in California or are otherwise subject to California law, then such Releasors hereby waive all rights under Section 1542 of the Civil Code of California.

That section reads as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." Notwithstanding the provisions of Section 1542 or any similar law of any other state, and to provide a full and complete release of Released Parties, the Releasors expressly acknowledge that this Agreement is intended to include, without limitation, in addition to the Released Claims, all claims which the Releasors do not know or suspect to exist in their favor at the time of execution of this Agreement, and agree that the settlement agreed upon completely extinguishes all such claims.

14. <u>Agreement Contingent Upon Entry of Final Approval</u>. This Agreement is contingent upon entry of an order that contains the judgment giving final approval to the terms of this Agreement. If the Court refuses to grant final approval of the terms of the settlement set forth herein, or if the Court's Final Approval Order is reversed or materially modified on appeal, then this Agreement shall be null and void and neither the fact that this Agreement was made nor any stipulation, representation, agreement or assertion made in this Agreement may be used against any Party.

15. <u>Notices</u>. Requests for exclusion, objections to the Agreement or Settlement, and notices regarding rejected claims shall be sent to:

**Class Counsel:**
Brian J. Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

**Counsel for Heel:**
Joseph Wylie
K&L Gates LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602-4207

16.    Court Submission. Class Counsel will submit this Agreement and the Exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval of this Agreement. If the Court declines to grant preliminary approval of this Agreement and Settlement and to order notice of hearing with respect to the proposed Class, or if the Court declines to grant final approval to the foregoing after such notice and hearing, this Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Agreement and Settlement will not be approved.

17.    Conditions Precedent. This Agreement is expressly contingent on (i) final approval by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure which is no longer subject to appeal, and (ii) the final, non-appealable dismissal of the Litigation, with prejudice and without costs. In the event that one or more of the foregoing does not occur, this Agreement shall be deemed void *ab initio* and the Parties shall be deemed to be in the same position as existed prior to the execution of this Agreement with the same status *quo ante* rights as existed prior to the execution of this Agreement, and all other understandings and agreements between the Parties relating to the Settlement shall be deemed to be null and void and of no force and effect.

18.    Right to Rescind. The Parties agree that any Party shall have the right, but not the obligation, to set aside or rescind this Agreement, if any of the following events occur: (a) more than eighteen percent (18%) of the Class Members submit a timely, valid request for exclusion from the settlement; (b) any objection to the settlement is sustained by the Court, regardless of any right to appeal and reverse the trial court's ruling; or (c) there are modifications to this Agreement made by the Court, by any other court, or by any tribunal, agency, entity, or person that are not approved or requested by all of the Parties; or (d) for any

other reason the exercising Party deems appropriate. The right to rescind must be exercised, if at all, no later than 14 days before the date identified in the Class Notice as the date of the Final Approval hearing, or else the Parties agree that any attempted rescission shall be without effect. Rescission or setting aside is effective only if and when notice of same is filed with the Court and on all counsel.

20. <u>Integration Clause</u>. This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration

20. <u>Headings</u>. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

21. <u>Binding and Benefiting Others</u>. This Agreement shall be binding upon and inure to the benefit or detriment of the Parties and the Settlement Class Members who do not opt out, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

22. <u>Representations and Warranties</u>. The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and

the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.

23.     <u>Governing Law</u>. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Ohio, without regard to its conflict of laws and/or choice of law provisions.

24.     <u>Mutual Interpretation</u>. The Parties agree and stipulate that this Agreement was negotiated on an arm's-length basis between Parties of equal bargaining power. Also, Class Counsel and counsel for Heel have drafted the Agreement jointly. Accordingly, no ambiguity shall be construed in favor of or against any of the Parties. Plaintiff acknowledges, but does not concede or agree with, Heel's statements regarding the merits of the claims, and Heel acknowledges, but does not concede to or agree with, Plaintiff's statements regarding the merits of the claims.

25.     <u>No Admission of Liability</u>. Heel has denied and continues to each and all of the claims and contentions alleged in the Litigation, and has further denied and continues to deny that class certification is appropriate in the Litigation.   Heel has asserted and continues to assert its defenses to the Litigation, and has expressly denied and continues to deny any fault, wrongdoing or liability whatsoever arising out of any of the conduct alleged in the Litigation. Neither this Settlement Agreement, nor any document referred to herein, nor any actions taken to carry out this Settlement Agreement, is or may be construed as, or may be used in any proceeding as an admission by or against Heel of any fault, wrongdoing or liability whatsoever, or any infirmity of any defense asserted by Heel.  Heel has determined to settle in the manner

11

and upon the terms and conditions set forth herein solely in order to avoid the expense, inconvenience and burden of further legal proceedings and the uncertainties of trial and appeal.

26.     Incorporation of Recitals. Each of the Recitals stated above are hereby incorporated into this Settlement Agreement as if stated fully herein.

27.     Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile and .pdf signatures shall bind the Parties to this Agreement as though they are original signatures.

28.     Severability. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

29.     Continuing Jurisdiction. Without affecting the finality of the final judgment, the Court shall retain continuing jurisdiction over the Litigation and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, the Final Approval Order and final judgment, hearing and determining an application by Class Counsel for an award of fees and expenses, and the distribution of settlement proceeds to the Settlement Class. Any dispute

or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on

the date set forth beside their respective signatures.

DATED: _10/21/13_

SANDUSKY WELLNESS CENTER, LLC, on behalf of
itself and the Settlement Class

By: _____

Its: _____President_____


DATED: _____

HEEL, INC.

By: _____

Its: _____

14

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: _____       SANDUSKY WELLNESS CENTER, LLC, on behalf of
                                itself and the Settlement Class

                                By:   _____

                                Its:  _____


DATED: 22 OCT. '13       HEEL, INC.

                                By:   _____

                                Its:  _____


14

**EXHIBIT 1**

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| SANDUSKY WELLNESS CENTER, LLC, | ) | |
| individually and as the representative of a | ) | No. 12-cv-01470 |
| class of similarly-situated persons, | ) | |
| Plaintiff, | ) | Judge Jack Zouhary |
| v. | ) | |
| HEEL, INC. and JOHN DOES 1-10, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER PRELIMINARILY APPROVING CLASS
## ACTION SETTLEMENT AND APPROVING CLASS NOTICE

This matter coming before the Court by stipulation of the parties and after review and consideration of the Settlement Agreement, a hearing held on _____, 2013, and the presentations of counsel, and the Court being duly advised in the premises, IT IS HEREBY ORDERED:

1.     On _____, the parties jointly filed an Agreed Motion for Preliminary Approval of Class Action Settlement Agreement and Notice to the Class.

2.     The Court hereby preliminarily certifies the following Class for purposes of settlement only pursuant to Rule 23:

> All persons who (1) between June 11, 2008 and November 1, 2010, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) which did not display a proper opt out notice.

Excluded from the Settlement Class are Heel, any parent, subsidiary, affiliate or controlled person of Heel, as well as the officers, directors, agents, servants or employees of Heel and the immediate family members of such persons, the named counsel in this litigation and any member of their office and/or firm, any licensed insurance company, and the members of the federal judiciary. In their Settlement Agreement, the parties have agreed that this is a proper class definition solely for purposes of settlement. The Court finds that the above settlement class

1

definition satisfies the requirements of Rule 23 in the context of the proposed settlement because:
(1) the Class is so numerous that joinder of all members is impracticable; (2) there are common
questions of fact or law that predominate over any questions affecting only individual members;
(3) the claims of Plaintiff are typical of the claims of the class members; (4) the proposed
plaintiff and class counsel will fairly and adequately protect the interests of the class; and (5) a
class action is a superior method for the fair and efficient adjudication of the controversy.
Certification of the Settlement Class shall be solely for settlement purposes and without
prejudice to the parties in the event that the Settlement is not finally approved by this Court or
otherwise does not take effect in accordance with the terms of the Settlement Agreement.

       3.      The Court appoints plaintiff, Sandusky Wellness Center, LLC, as the Class
Representative and appoints attorney Brian J. Wanca of Anderson + Wanca as Class Counsel.

       4.      Pursuant to Rule 23, the Court preliminarily approves the settlement of this
action, as embodied in the terms of the Settlement Agreement, as fair, reasonable, and in the best
interests of all those who will be affected by it.

       5.      The Settlement Agreement and all definitions contained therein (a copy of which
was previously filed as Doc. _) is incorporated by reference into this Order (with capitalized
terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order
of this Court.

       6.      The Settlement Agreement proposes notice to the Class by fax in the form of
Exhibit 2 to the Settlement Agreement, with a single direct mailing by U.S. mail to any Class
member who cannot be reached by fax after three attempts. The Court finds that this notice plan
is reasonable and satisfies Rule 23 and the requirements of due process under the United States
Constitution.  The plan is approved and adopted. The Court orders the parties to provide these
notices to the Class through the third-party claims administrator as proposed on or before

_____, 2013.

7.    The Court sets deadlines and dates for the acts and events set forth in the

Settlement Agreement and directs the Parties to incorporate these deadlines and dates in the

Class Notice:

(a)    Requests by any Class member to opt out of the settlement must be filed

on or before _____, 2013, or be forever barred; and

(b)    Objections and motions to intervene and all supporting memoranda shall

be filed in this Court and postmarked and served on Class Counsel and Defendant's

counsel on or before _____, 2013, or be forever barred; and

8.    The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for

_____, 2014, at _____ am/pm, in Room 203.

ENTER:

_____

3

**EXHIBIT 2**

**THIS IS A NOTICE OF A LAWSUIT SETTLEMENT.**
**You may benefit from this.  Please read it carefully.  You are not being sued.**

---

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| SANDUSKY WELLNESS CENTER, LLC, | ) | |
| individually and as the representative of a class | ) | No. 12-cv-01470 |
| of similarly-situated persons, | ) | |
| Plaintiff, | ) | Judge Jack Zouhary |
| v. | ) | |
| HEEL, INC. and JOHN DOES 1-10, | ) | |
| Defendants. | ) | |

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

TO:     All persons who (1) between June 11, 2008 and November 1, 2010, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, and (3) which did not display a proper opt out notice.

**A.**    **WHY HAVE YOU RECEIVED THIS NOTICE?**  The Court ordered us to send you this Notice because you may be a member of the Class defined above. This Notice explains the nature of the lawsuit and the settlement terms and informs you of your legal rights and obligations. You must submit a Claim Form (attached) to apply for a monetary payment.

**B.**    **WHAT IS THIS LAWSUIT ABOUT?**  Plaintiff claims that Heel, Inc. ("Heel") sent or caused to be sent facsimiles between June 11, 2008 and November 1, 2010 that purportedly advertised Heel's property, goods or services.  Plaintiff filed this lawsuit in the United States District Court for the Northern District of Ohio. On behalf of itself and a class of similarly-situated persons, Plaintiff alleged that Heel violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, by faxing advertisements to the Class without their prior express invitation or permission to do so. Heel denied Plaintiff's allegations, raised various defenses to Plaintiff's claims, and denies that these claims could proceed on a class-action basis absent the settlement. This description of the case is general and does not cover all of the issues and proceedings.

**C.**    **WHY IS THERE A SETTLEMENT?**  The class representative and Heel have agreed to this settlement in order to avoid further costs and delay of court proceedings and to ensure that people in the settlement class will get compensation.  The class representatives and attorneys think the settlement is best for the proposed settlement class.

**D.**    **WHAT IS THE PROPOSED SETTLEMENT?**  Without admitting any fault or liability, subject to the express terms of the Settlement Agreement and in exchange for a release of all claims against it, Heel has agreed to make available up to $6,000,000.00 (the "Settlement Amount"). If you are in the settlement class and you timely submit a valid Proof of Claim, you will receive a cash payment of your *pro rata* share of the Settlement Amount.  The *pro rata* share is $61.79 per facsimile received ($6,000,000.00/97,102). The Court has preliminarily approved this settlement, subject to a final fairness hearing that will occur on _____, at _____ ___.m., in Room 203 of the United States District Court for the Northern District of Ohio, James M. Ashley and Thomas W.L. Ashley U.S. Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio 43604-1363.

E.    **WHAT ARE YOUR FOUR OPTIONS?**

1.    **Return a completed claim form.**  To receive a share of the Settlement Fund, you must return a completed and signed Proof of Claim postmarked on or before _____, 2013. The Proof of Claim is attached to this Notice. You may return it by fax or U.S. mail. If the Proof of Claim is timely and valid, you will receive a check for your share of the Settlement Amount at the address listed on the Proof of Claim. You will be bound by the judgment and you will ultimately release your claims against Heel arising out of or relating to any facsimile that you received between June 11, 2008 and November 1, 2010 that purportedly advertised Heel's property, goods or services.

2.    **Do nothing and receive nothing.**  If you do nothing, you will remain a member of the class but you will not receive a share of the Settlement Fund. You will be bound by the judgment and you will release your claims against Heel arising out of or relating to any facsimile that you received between June 11, 2008 and November 1, 2010 that purportedly advertised Heel's property, goods or services.

3.    **Exclude yourself from the Class and the settlement.**  You have the right to exclude yourself from both the class action and the settlement by filing a written request for exclusion with the Clerk of Court, James M. Ashley and Thomas W.L. Ashley U.S. Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio 43604-1363. Your request for exclusion must be postmarked on or before _____, 2013, and it must list your name, fax number(s), street address, and the name and number of this case. You must also mail copies of your request for exclusion to each of the attorneys for the Class and for Heel, postmarked on or before the same date and addressed as follows:

| For the Class: | For the Defendant: |
|---|---|
| Brian J. Wanca | Joseph C. Wylie II |
| Anderson + Wanca | K&L Gates LLP |
| 3701 Algonquin Road, Suite 760 | 70 W. Madison St., Suite 3100 |
| Rolling Meadows, IL 60008 | Chicago, IL 60602-4207 |

4.    **Object to the settlement in writing.**  If you object to the settlement, and wish to submit an objection rather than excluding yourself from the class action, you must submit your objection in writing to Clerk of Court, James M. Ashley and Thomas W.L. Ashley U.S. Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio 43604-1363. Your objection must be postmarked on or before _____, 2013. You must also serve copies of your objection and any supporting memoranda or materials on each of the attorneys for the Class and for Defendant, postmarked on or before the same date and addressed as follows:

| For the Class: | For the Defendant: |
|---|---|
| Brian J. Wanca | Joseph C. Wylie II |
| Anderson + Wanca | K&L Gates LLP |
| 3701 Algonquin Road, Suite 760 | 70 W. Madison St., Suite 3100 |
| Rolling Meadows, IL 60008 | Chicago, IL 60602-4207 |

Any objection must include your name, fax number(s), and street address, the name and number of this case, and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the Class. Please note that it is not sufficient to simply state that you object. You must state the reasons why you believe the settlement should not be approved. If you file an objection and wish it to be considered, you must also appear at the final approval hearing before Judge Jack Zouhary in Room 203 of the Clerk of Court, James M. Ashley and Thomas W.L. Ashley U.S. Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio 43604-1363 on _____ at _____ .m. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.

2

**F.**    **WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**  The Court will hold a hearing on the fairness of the proposed settlement. At the fairness hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement, including the amount of the award of costs and attorney's fees to Class Counsel. The fairness hearing will take place on _____, at _____ ___.m., in Room 203 in the James M. Ashley and Thomas W.L. Ashley U.S. Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio 43604-1363. Unless you have objected to the settlement, **you do not need to attend this hearing**. The fairness hearing may be continued to a future date without further notice. If the Court does not approve the settlement, the case will proceed as if no settlement has been attempted. If the settlement is not approved, there is no assurance that the Class will recover more than is provided in the settlement or recover anything at all.

**G.**    **WHO REPRESENTS THE CLASS?**  The Court appointed Plaintiff who brought this lawsuit, Sandusky Wellness Center, LLC to be the "Class Representative" and appointed the following attorney to be "Class Counsel":

> Brian J. Wanca
> Anderson + Wanca
> 3701 Algonquin Road, Suite 760
> Rolling Meadows, IL  60008

At the fairness hearing, Class Counsel will request that the Court order from the Settlement Fund payment of an incentive award of $15,000.00 to Sandusky Wellness Center, LLC for its services on behalf of the Class in this litigation. Additionally, Class Counsel will request an award of attorneys' fees equal to one third of the Settlement Fund plus out-of-pocket litigation expenses, all to be paid to them from the Settlement Fund, for their work on behalf of the Class.

**H.**    **HOW DO I OBTAIN MORE INFORMATION ABOUT THE LAWSUIT OR THE SETTLEMENT?**

This description of the case is general and does not cover all of the issues and proceedings. To see the complete file, including a copy of the settlement agreement, you may visit the office of the Clerk of Court, James M. Ashley and Thomas W.L. Ashley U.S. Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio 43604-1363. The Clerk will make the files relating to the lawsuit available to you for inspection and copying at your own expense.

If you have specific questions, you can write to Class Counsel at one of the addresses listed above. Include the case number, your name, your fax number, and your current street address on any correspondence. You may also call attorney Brian J. Wanca, the lawyer for the class, at 847-368-1500.

Please do not contact the Clerk of the Court or the Defendant's attorneys, because they cannot provide you with information or give you advice about this settlement.

**BY ORDER OF THE COURT
HONORABLE JACK ZOUHARY**

## PROOF OF CLAIM
### Sandusky Wellness Center, LLC v. Heel, Inc., Case No. 12 CV 1470

*You Must Complete All **FOUR** Steps to Claim a Share of the Settlement Fund:*

1.     **You Must Provide Your Contact Information:**

        Name of person signing form: _____

        Company: _____

        Address: _____

        City/State/Zip Code: _____

        Fax Number(s): _____
                         [List all numbers.  You may attach a separate sheet.]

2.     **You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**

        (a)     "The fax number(s) identified above or attached to this claim form was/were mine throughout the period June 11, 2008 to November 1, 2010."

                         _____
                                 (Sign your name here)

            ***OR***

        (b)     "The fax number(s) identified above or attached to this claim form was/were owned by the company identified below throughout the period June 11, 2008 to November 1, 2010."

                         _____
                                   (Company Name)

                         _____
                                   (Sign your name here)

            ***OR***

        (c)     "The fax number(s) identified above or attached to this claim form was/were **not** mine or my company's throughout the period June 11, 2008 and November 1, 2010."  Explain when you obtained the fax number(s) identified in #1 above or attached to this claim form:

            _____
            _____

                         _____
                                   (Sign your name here)

3.     **You Must Sign the Certification:**

        I certify under **penalty of perjury**: (a) that the information I provided on this Proof of Claim is true and correct; and (b) in the case of a business entity named above, that I am an authorized representative of such business entity to provide the information in the Proof of Claim and to make this claim on behalf of such business.

        **Signature:** _____

        **Print Name of Signator:**_____

        **(If Business Entity) Title or How Authorized:**_____

4.     **You Must Return this Claim Form by [45 days]_____, 2013:**

                (a)     Fax this Claim Form to:  <u><fax number for claims ></u>    ***OR***

                (b)     Mail this Claim Form to:  [CLAIMS ADMINISTRATOR]

**EXHIBIT 3**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| SANDUSKY WELLNESS CENTER, LLC, individually and as the representative of a class of similarly-situated persons, | ) ) ) | No. 12-cv-01470 |
| Plaintiff, | ) | Judge Jack Zouhary |
| v. | ) | |
| HEEL, INC. and JOHN DOES 1-10, | ) | |
| Defendants. | ) ) | |

## FINAL APPROVAL ORDER AND JUDGMENT OF CLASSWIDE SETTLEMENT

The Parties' motion for final approval of a class action settlement came before the Court

for a fairness hearing on _____, 2014, at ___ _.m. in Room 203 of the United States

District Court for the Northern District of Ohio.

On _____, 2013, this Court entered an order granting preliminary approval (the

"Preliminary Approval Order") to the settlement reached between Plaintiff Sandusky Wellness

Center, LLC ("Plaintiff" or "Class Representative "), the Settlement Class (as defined below),

and Heel, Inc. ("Heel" or "Defendant"), as memorialized in the Parties' Settlement Agreement

filed with the Court.

On _____, 2014, the Court held a fairness hearing (the "Fairness Hearing"), for

which members of the preliminary Settlement Class had been given due notice. An opportunity

to be heard was given to all persons requesting to be heard in accordance with the Preliminary

Approval Order.

Having considered the Parties' moving papers, the Settlement Agreement, and all other

evidence submitted concerning the motion,

**IT IS HEREBY ORDERED THAT:**

1.      This Court adopts the terms and definitions set forth in the Settlement Agreement,

which was previously filed as Dkt. _.

2.      This Court has jurisdiction over Plaintiff, the members of the Class, Defendant, and the claims asserted in this lawsuit.

3.      This Court finds that the Settlement Agreement was entered into in good faith, following arm's-length negotiations, and that it was not collusive.

4.      This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the Settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. Any timely objections that were filed have been considered and are overruled. Accordingly, all members of the Class who did not opt out are bound by this Final Judgment and Order.

## Class Certification

5.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Settlement Class as finally certified shall consist of:

> All persons who (1) between June 11, 2008 and November 1, 2010, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) which did not display a proper opt out notice.

(the "Settlement Class"). Excluded from the Settlement Class are Heel, any parent, subsidiary, affiliate or controlled person of Heel, as well as the officers, directors, agents, servants or employees of Heel and the immediate family members of such persons, the named counsel in this litigation, and any member of their office and/or firm, any licensed insurance company, and the members of the federal judiciary. The Parties expressly agreed to the use of this class definition for settlement purposes. The Court finds that the above Settlement Class definition satisfies the requirements of Federal Rule of Civil Procedure 23 in the context of the approved Settlement because: (1) the Settlement Class is so numerous that joinder of all members is

impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only individual members; (3) the claims of the Court-appointed Class Representative are typical of the claims of the Settlement Class members; (4) the Court-appointed Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class members; and (5) a class action is a superior method for the fair and efficient adjudication of the controversy. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the parties in the event that the Settlement does not take effect in accordance with the terms of the Settlement Agreement.

### Class Notice

6.      The Court finds that the "Notice of Class Action and Proposed Settlement" and the process by which such Notice was sent, fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Objections and Opt-Outs

7.      The following _____ members of the Settlement Class filed objections to the settlement: __. The Court has considered each of these objections carefully and has overruled them. None of these objections raised a valid concern about the Settlement Agreement.

8.      The following __ persons have validly requested exclusion from the Settlement Class: __.

### Class Compensation

9.      Heel has agreed to make a total of $6,000,000.00 available as a common fund (the "Settlement Amount") to pay all valid claims, a *cy pres* award if claims total less than $615,000.00, Class Counsel's attorneys' fees and costs, an incentive award to Plaintiff, and the

costs of notice and administration of this settlement by a third-party administrator. After deducting the cost of settlement administration, Class Counsel's attorneys' fees and costs, and the incentive award to the Class Representative, Heel shall pay each Class member who submits a valid and timely claim its *pro rata* share of the remaining moneys in the Settlement Fund ($6,000,000.00 / 97,102 = $61.79).  If total claims do not exceed $615,000.00, Heel shall pay the difference between $615,000.00 and the total claims payments as *cy pres* to the following: (1) Illinois District 220 Educational Foundation; (2) Hawthorne Scholastic Academy; (3) Chicago's Independent Radio Project; (4) Crohn's and Colitis Foundation of America; and (5) the Juvenile Diabetes Research Association.  Such funds will be distributed in equal shares to the entities listed above.  Any remaining unclaimed portion of the Settlement Fund shall revert to Heel in accordance with the terms of the Settlement Agreement.

10.  Checks issued to the claiming Class members will be void 181 days after issuance.

### Awards of Incentive Award and Attorneys' Fees and Costs

11.  It is hereby ordered that Class Representative, Sandusky Wellness Center, LLC, shall receive $15,000.00 from the Settlement Amount for serving as the class representative in this matter, in accordance with the terms of the Settlement Agreement.

12.  It is hereby ordered that Class Counsel, Brian J. Wanca of Anderson + Wanca shall receive attorneys' fees totaling $2,000,000.00 (one third of the Settlement Fund) plus its reasonable out of pocket litigation expenses not to exceed $170,000.00 (inclusive of Settlement Administrator costs), and the Court finds that such fees and expenses are fair and reasonable. Such amounts shall be paid from the Settlement Amount in accordance with the terms of the Settlement Agreement.

4

### Releases and Dismissal

13.     All claims or causes of action of any kind by Class Representative, and all Settlement Class members are forever barred and released pursuant to the terms of the releases set forth in the parties' Settlement Agreement.

14.     This lawsuit is dismissed with prejudice as to Class Representative and all members of the Settlement Class (except that the dismissal is without prejudice as to those persons identified above who submitted valid exclusions from the Settlement Class), and without fees or costs except as provided above.

### Other Provisions

15.     This lawsuit is dismissed with prejudice, subject to the Court's retention of continuing jurisdiction over this action, Class Representative, all members of the Settlement Class, Class Counsel, Defendant, and Defendant's counsel to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

16.     The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.  The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17.     If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated, or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not

become final in accordance with the terms of the Settlement Agreement, this Final Approval

Order and Judgment shall be void and shall be deemed vacated.

18.    The Court finds that there is no just reason to delay the enforcement of or appeal

from this Final Approval Order and Judgment.

19.    Heel has filed documents with this Court to show compliance with 28 U.S.C.

Section 1715(b), which requires notification to the Attorney General of the United States, and the

Attorney General of each state where a class member resides.  The Court finds that Heel has

complied with this statute.


Dated: _____            _____