IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Sandusky Wellness Center, LLC, | Case No. 3:12 CV 1470 |
| Plaintiff, | ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND |
| -vs- | APPROVING CLASS NOTICE |
| Heel, Inc., | JUDGE JACK ZOUHARY |
| Defendant. | |

This matter coming before the Court by stipulation of the parties and after review and consideration of the Settlement Agreement, and the presentations of counsel, and the Court being duly advised in the premises, it is hereby ordered:

1. On October 24, 2013, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement Agreement and Notice to the Class (Doc. 77).

2. The Court hereby preliminarily certifies the following Class for purposes of settlement only pursuant to Rule 23:

> All persons who (1) between June 11, 2008 and November 1, 2010, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) which did not display a proper opt out notice.

Excluded from the Settlement Class are Heel, any parent, subsidiary, affiliate or controlled person of Heel, as well as the officers, directors, agents, servants or employees of Heel and the immediate family members of such persons, the named counsel in this litigation and any member of their office and/or firm, any licensed insurance company, and the members of the federal judiciary. In their Settlement Agreement, the parties have agreed that this is a proper class definition solely for purposes

of settlement. The Court finds that the above settlement class definition satisfies the requirements of Rule 23 in the context of the proposed settlement because: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only individual members; (3) the claims of Plaintiff are typical of the claims of the class members; (4) the proposed plaintiff and class counsel will fairly and adequately protect the interests of the class; and (5) a class action is a superior method for the fair and efficient adjudication of the controversy. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the parties in the event that the Settlement is not finally approved by this Court or otherwise does not take effect in accordance with the terms of the Settlement Agreement.

3. The Court appoints plaintiff, Sandusky Wellness Center, LLC, as the Class Representative and appoints attorney Brian J. Wanca of Anderson + Wanca as Class Counsel.

4. Pursuant to Rule 23, the Court preliminarily approves the settlement of this action, as embodied in the terms of the Settlement Agreement, as fair, reasonable, and in the best interests of all those who will be affected by it.

5. The Settlement Agreement and all definitions contained therein (a copy of which was previously filed as Doc. 77-1) is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

6. The Settlement Agreement proposes notice to the Class by fax in the form of Exhibit 2 to the Settlement Agreement, with a single direct mailing by U.S. mail to any Class member who cannot be reached by fax after three attempts. The Court finds that this notice plan is reasonable and satisfies Rule 23 and the requirements of due process under the United States Constitution. The plan

is approved and adopted. The Court orders the parties to provide these notices to the Class through the third-party claims administrator as proposed on or before **November 8, 2013**.

7. The Court sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate these deadlines and dates in the Class Notice:

(a) Requests by any Class member to opt out of the settlement must be filed on or before **January 7, 2014**, or be forever barred; and

(b) Objections and motions to intervene and all supporting memoranda shall be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel on or before **January 7, 2014**, or be forever barred; and

8. The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for **Monday, March 10, 2014 at 1:30 p.m.** in Room 203.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 1, 2013